KACZMARZYK, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 14—June 21, 1938.*

*A. Gawronski,* attorney, and *Wm. B. Rubin* of counsel, both of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, *Edward J. Yockey,* deputy district attorney, and *Charles J. Kersten,* assistant district attorney, and oral argument by *Mr. Kersten.*

ROSENBERRY, C. J. Eleanor Kucay, the complaining witness, was a young woman twenty-two years of age, and had had some association with one Henry Kazubowski prior to the night in question. On the night in question the

defendant and Kazubowski were out driving with the complaining witness, Mr. and Mrs. Bolewski, and two other girls. They went to the South Shore beach and there had a quantity of liquor. The exact amount is in dispute. They then started to the Bolewski home taking the two other girls to their home first. When they arrived at the Bolewski home the complaining witness got out of the car and started to walk home. Mrs. Bolewski, because of some remarks made to her by Kazubowski, was fearful that the complaining witness might be "picked up," as she described it, and told her husband to go with them. He did go with them. They picked up the complaining witness and then drove to a point on Grange avenue somewhere between Seventy-Sixth and Ninety-Second streets in the county of Milwaukee, where the occurrence complained of took place.

It is the contention of the complaining witness that Kazubowski struck Bolewski and knocked him out; that while this was going on the defendant held the mouth of the complaining witness shut, then took the complaining witness out of the car, dragged her down the highway a considerable distance, under a barbwire fence, into an orchard, and there without her consent had intercourse with her. She contends that the defendant made threats, that after the occurrence was over, they returned to the automobile when the defendant took her back about a half block, threw her into a ditch and forcibly raped her; that they returned to the car, and she was driven back to the Bolewski home. According to Mrs. Bolewski, when she arrived there, she asked Mrs. Bolewski to take her to the hospital. When she asked her "Why?" she replied: "Well, Johnnie and Hank attacked me and I got a funny feeling that maybe I might be pregnant." Thereafter at the suggestion of Mrs. Bolewski's father, a police officer was called. Ultimately the defendant was arrested, charged with the offense of rape.

The law respecting the crime of rape is reviewed in a case decided herewith, *State v. Hoffman, ante,* p. 235, 280 N. W.

357. It is not necessary to again review the law, nor is it necessary to state all of the facts relating to this unsavory transaction. The complaining witness freely admitted that she had had relations with other men prior to the night in question; that she had been out many times with one who is now an inmate of the Green Bay reformatory, and she appears to be a person of unchaste character. While the want of chastity is no defense, it does bear upon the question of whether or not the plaintiff consented. The law recognizes that a woman of previous unchaste character is more likely to consent to an act of sexual intercourse than is a woman who is strictly virtuous. 22 R. C. L. p. 1208, § 42, and cases cited in notes.

The court has carefully reviewed the record in this case and is of the opinion that the complaining witness failed to make anything approaching the utmost resistance required by the law, and that although somewhat unwilling, she ultimately consented to the acts in question, her unwillingness apparently being due to her fear of becoming pregnant rather than to any resentment about the manner in which she was being treated. Although she claimed that she was thrown down, dragged, and pulled under a wire fence, there were no marks either upon her person or clothing which indicated any such treatment. Her story is not only uncorroborated but improbable. It is therefore considered without further recital of the details of the evidence that it does not sustain the verdict of the jury.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to the trial court to discharge the defendant.

The warden of the Wisconsin state prison is commanded forthwith to remand the custody of the defendant to the sheriff of Milwaukee county for further proceedings in accordance with this opinion.

FRITZ, J., dissents.