SHIRLEY S. ABRAHAMSON, C.J.
¶ 63 (dissenting.) The majority opinion and the parties focus on the constitutionality of Wis. Stat. § 970.038, which was enacted in 2011.[1] They address whether § 970.038 violates the defendant's confrontation rights under the United States and Wisconsin Constitutions. The majority opinion and the parties recognize, however, that the legislature has accorded defendants rights in preliminary examinations under Wis. Stat. § 970.03(5). This statute was enacted in its current form in 1969.[2]
¶ 64. I conclude that the admission of hearsay evidence under new Wis. Stat. § 970.038 should be interpreted in light of the longstanding text of § 970.03(5), which affords defendants statutory rights in preliminary examinations. This court typically decides cases on non-constitutional grounds before it addresses constitutional issues.[3] I conclude the two statutes should be harmonized.
*786 ¶ 65. Recently adopted Wis. Stat. § 970.038 declares that hearsay is generally admissible in preliminary examinations and that a circuit court may base its finding of probable cause in whole or in part on admitted hearsay. This new statute reads in full as follows:
(1) Notwithstanding s. 908.02, hearsay is admissible in a preliminary examination under ss. 970.03, 970.032, and 970.035.
(2) A court may base its finding of probable cause under s. 970.03(7) or (8), 970.032(2), or 970.035 in whole or in part on hearsay admitted under sub. (1).
¶ 66. Prior to the recent enactment of Wis. Stat. § 970.038, hearsay evidence was admissible at the preliminary examination only if it fit within one of the exceptions to the hearsay rule enumerated in the Wisconsin Rules of Evidence. See majority op., ¶ 20.
¶ 67. Wisconsin Stat. § 970.03 governs preliminary examinations. Subsection (5) accords defendants *787 two different rights: to cross-examine witnesses against them and to call witnesses on their behalf.[4]
¶ 68. Wisconsin Stat. § 970.03(5) reads as follows:
(5) All witnesses shall be sworn and their testimony reported by a phonographic reporter. The defendant may cross-examine witnesses against the defendant, and may call witnesses on the defendant's own behalf who then are subject to cross-examination.
¶ 69. When the legislature recently enacted Wis. Stat § 970.038, it left § 970.03(5) unchanged.[5]
¶ 70. In interpreting multiple statutes, a court interprets them together and harmonizes them to avoid conflict if at all possible.[6] This court attempts to harmonize statutes in a way that will give effect to the legislature's intent in enacting both statutes.[7]
¶ 71. Additional statutory tools of interpretation aid in interpreting the two statutes at issue in the present cases. Statutes are interpreted to give effect to *788 each word and to avoid redundant and surplus language.[8] Moreover, words are given meaning to avoid absurd, unreasonable, or implausible results and results that are clearly at odds with the legislature's purpose.[9] Statutes are interpreted in view of their purpose.[10]
¶ 72. The purpose of preliminary examinations under Wis. Stat. § 970.03 is to "protect!] defendants and
*789 ¶ 72. The purpose of preliminary examinations under Wis. Stat. § 970.03 is to "protect[] defendants and the public from unwarranted prosecution," and to function "as a check on prosecutorial discretion." Majority op., ¶ 21.[11]
¶ 73. Thus, the new statute allowing hearsay evidence at the preliminary examination, Wis. Stat. § 970.038, must be read to meet the statutory purpose of protecting defendants and the public from unwarranted prosecutions and to give continued vitality to Wis. Stat. § 970.03(5). Section 970.03(5), which grants rights to defendants, is not to be treated as surplusage.
¶ 74. I agree with the majority opinion that the State is not required under either statute to call witnesses just so a defendant may cross-examine them. Majority op., ¶ 33.[12]
¶ 75. I also agree with the majority opinion that the recent enactment of Wis. Stat. § 970.038 does not limit a defendant's ability under § 973.03(5) to call witnesses at the preliminary examination. Majority op., ¶ 34. A defendant's right to call witnesses is subject to the limits placed upon the trial right to call witnesses and is constrained by the limited purpose of the preliminary examination.
*790 ¶ 76. The preliminary examination has a narrow focus.[13] Probable cause that a felony was committed, probable cause that the defendant committed the felony, and plausibility are the sole issues at a preliminary examination. Defense counsel is therefore limited to present evidence[14] at the preliminary examination relevant to probable cause and plausibility (not credibility).[15]
¶ 77. At some point, plausibility and credibility elide. "[T]he line between plausibility and credibility may be fine; the distinction is one of degree."[16]
¶ 78. In O'Brien, defense counsel asserted that the defendants wanted to call the hearsay declarant, S.M.O., to test the plausibility of the hearsay statements admitted through the officer's testimony:
[DEFENSE COUNSEL]: ....
For example, one of the allegations in this case is that, um, [the victim hearsay declarant] states that he was hit by his father with a flashlight. What if the rest of *791 the part of that story was ... his father sprouted wings and flew around the room like a bat and then hit him with a flashlight? The whole story would sound absolutely incredible, unbelievable, and implausible.
¶ 79. The majority opinion criticizes defense counsel's proffer regarding the relevance of the witnesses the defendant wishes to call. The majority opinion declares that "[a]bsent any idea what S.M.O. would testify to, counsel's proffer was insufficient to show that S.M.O.'s testimony would be relevant to the probable cause inquiry."[17]
¶ 80. Such a proffer, however, will often be limited. Defense counsel rarely knows at the preliminary examination exactly what a witness (who will testify for the State at trial) will say before the witness takes the stand. When a defendant has no way of knowing exactly what a witness knows or will testify to at the preliminary examination, the law does not place a significant burden on the defendant to demonstrate relevance.[18] *792 Tools of discovery are limited in pretrial criminal proceedings.[19]
¶ 81. Considering these difficulties, I would not hold the bar for the proffer as high as the majority opinion does. The proffer here is weak. Nonetheless, the majority opinion's requiring a specific proffer of exactly how a witness will specifically rebut a prosecution claim undermines the preliminary examination's purpose of putting the State to its burden and undermines the statutory rights accorded by Wis. Stat. § 970.03(5).
¶ 82. Under the majority opinion's holding, and with the limited tools of criminal discovery available in pretrial proceedings, how can a defendant ever challenge double or triple hearsay in a police report read by an individual who has never interviewed the hearsay declarant? Does a wrongly accused person, under the majority opinion's reasoning, have any opportunity short of a trial to challenge the plausibility of the State's case?
¶ 83. I conclude that under the circumstances of O'Brien, the offer of proof, although admittedly weak, sufficed to allow the defendant to call the declarant. Of course, the State has the right to object to and argue against the admissibility of any portion of the testimony *793 of witnesses called by the defendant if the testimony is not relevant to plausibility and probable cause.
¶ 84. If preliminary examinations are to serve as effective roadblocks to frivolous and fraudulent prosecutions, and if they are truly to be a "critical stage" of trial, the preliminary examination cannot be reduced to a farce, in which a defendant has no ability to challenge or rebut the narrative advanced by the State's proffered double and triple hearsay testimony.
¶ 85. Other states' approaches to this issue are instructive. Colorado has a rule identical to Wis. Stat. § 970.03(5); it does not have a rule identical to § 970.038, but Colorado allows the use of hearsay evidence at the preliminary examination.
¶ 86. The Colorado Supreme Court determined that it was abuse of discretion for the trial court to prohibit a defendant from calling a prosecution hearsay declarant as a witness, when the witness was available and the probable cause determination rested entirely on the witness's identification and story. See McDonald v. District Court, 576 P.2d 169 (Colo. 1978).[20]
¶ 87. California has provisions similar to the two Wisconsin statutes at issue in the instant cases. Interpreting the California law, a California court declared that the trial court did not err in allowing a defendant to call hearsay declarants as defense witnesses.[21]
¶ 88. In cases such as the instant cases, in which the prosecution relies on double or triple hearsay for *794 which the defendants' cross-examination of the State's witnesses is meaningless, the plausibility of the State's case cannot be tested without allowing the defendant to call witnesses- — either the hearsay declarant or an individual with personal knowledge of the hearsay statement.
¶ 89. In the instant cases, the State's witnesses were presenting single, double, and triple hearsay. In O'Brien, the sole witness of the prosecution, a police investigator, testified to hearsay statements of declarants she personally interviewed but also testified to statements made by declarants to a third party while the investigator was in the room, as well as videotaped hearsay statements made by declarants to an third party.
¶ 90. In the Butts case, the preliminary examination never took place. The complaint contained statements from multiple hearsay declarants made either in writing or to different police officers. The State averred in Butts that it intended to call a police officer to read the hearsay statements given to the officer by the hearsay declarants. In short, the plausibility of the hearsay statements could not have been tested without the defendant's ability to call the declarant or others as witnesses.
¶ 91. By failing to value sufficiently the statutory right of the defendant to compel witnesses in his or her defense, the majority opinion renders Wis. Stat. § 970.03(5) surplusage and undermines the statutory purpose of allowing a defendant to test the plausibility of the prosecution's case.
¶ 92. The texts, the context, and the statutory purposes of both statutes dictate the conclusion that the defendant has the statutory right to cross-examine witnesses to test the plausibility of their testimony and *795 the statutory right to call witnesses, including hearsay declarants, to challenge the plausibility of the State's evidence.
¶ 93. Accordingly, I dissent.

 2011 Wis. Act 285.

 Ch. 255, Laws of 1969.

 See Adams Outdoor Advertising, Ltd. v. City of Madison, 2006 WI 104, ¶ 91, 294 Wis. 2d 441, 717 N.W.2d 803.
Nevertheless, I note that the United States Supreme Court has recognized that certain Sixth Amendment rights, such as the right to counsel, apply to pretrial stages. I am not so quick *786 to conclude, as does the majority opinion, that "the Confrontation Clause does not apply to preliminary examinations." Majority op., ¶ 30.
The United States Supreme Court has begun to take into account that most criminal cases do not go to trial and that constitutional rights traditionally restricted to trial may be applicable to critical pretrial stages:
The reality is that plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages. Because ours is for the most part a system of pleas, not a system of trials, it is insufficient simply to point to the guarantee of a fair trial as a backstop that inoculates any errors in the pretrial process.
Missouri v. Frye, 132 S. Ct. 1399, 1407 (2012) (internal quotation marks and citations omitted).

 "[T]he defendant must have compulsory process to assure the appearance of his witnesses and their relevant evidence." State v. Schaefer, 2008 WI 25, ¶ 35, 308 Wis. 2d 279, 746 N.W.2d 457. The defendant "is by statute given the right to confront witnesses...." Mitchell v. State, 84 Wis. 2d 325, 354, 267 N.W.2d 349 (1978).

 2011 Wisconsin Act 285. See also Drafting File for 2011 S.B. 399, Analysis by the Legislative Reference Bureau of 2011 S.B. 399, Legislative Reference Bureau, Madison, Wis. (noting that "hearsay evidence is admissible at a preliminary examination" without any reference to Wis. Stat. § 970.03(5)).

 State v. Ray, 166 Wis. 2d 855, 873, 481 N.W.2d 288 (Ct. App. 1992) (citing State v. Duffy, 54 Wis. 2d 61, 64, 194 N.W.2d 624 (1972)).

 City of Madison v. DWD, Equal Rights Div., 2003 WI 76, ¶ 11, 262 Wis. 2d 652, 664 N.W.2d 584; Byers v. LIRC, 208 Wis. 2d 388, 395, 561 N.W.2d 678 (1997); City of Milwaukee v. Kilgore, 193 Wis. 2d 168, 184, 532 N.W.2d 690 (1995).

 See, e.g., Klemm v. Am. Transmission Co., 2011 WI 37, ¶ 18, 333 Wis. 2d 580, 798 N.W.2d 223; Pawlowski v. Am. Family Mut. Ins. Co., 2009 WI 105, ¶ 22 n.14, 322 Wis. 2d 21, 777 N.W.2d 67 (citing Donaldson v. State, 93 Wis. 2d 306, 315, 286 N.W.2d 817 (1980) ("A statute should be construed so that no word or clause shall be rendered surplusage and every word if possible should be given effect.")).

 Alberte v. Anew Health Care Servs., Inc., 2000 WI 7, ¶ 10, 232 Wis. 2d 587, 605 N.W.2d 515; Seider v. O'Connell, 2000 WI 76, ¶ 32, 236 Wis. 2d 211, 612 N.W.2d 659; Teschendorf v. State Farm Ins. Cos., 2006 WI 89, ¶¶ 15, 18, 32, 293 Wis. 2d 123, 717 N.W.2d 258.

 State v. Hanson, 2012 WI 4, ¶ 16, 338 Wis. 2d 243, 255, 808 N.W.2d 390, 396 ("Context and [statutory] purpose are important in discerning the plain meaning of a statute. We favor an interpretation that fulfills the statute's purpose.") (internal quotation marks & citations omitted); Klemm, 333 Wis. 2d 580, ¶ 18 ("An interpretation that fulfills the purpose of the statute is favored over one that undermines the purpose."); Lagerstrom v. Myrtle Werth Hosp.-Mayo Health System, 2005 WI 124, ¶ 51, 285 Wis. 2d 1, 700 N.W.2d 201 (examining "legislative goals" to interpret a statute); Alberte, 232 Wis. 2d 587, ¶ 10 (courts need not adopt a literal or usual meaning of a word when acceptance of that meaning would thwart the obvious purpose of the statute); United Wis. Ins. Co. v. LIRC, 229 Wis. 2d 416, 425-26, 600 N.W.2d 186 (Ct. App. 1999) ("Fundamental to an analysis of any statutory interpretation is the ascertainment and advancement of the legislative purpose.").

 A preliminary examination exists "to protect the accused from hasty, improvident, or malicious prosecution and to discover whether there is a substantial basis for bringing the prosecution and further denying the accused his right to liberty." State v. Kleser, 2010 WI 88, ¶ 55, 328 Wis. 2d 42, 786 N.W.2d 144 (internal quotation marks omitted).

 See State v. Oliver, 161 Wis. 2d 140, 148-49 467 N.W.2d 211 (Ct. App. 1991); State v. Padilla, 110 Wis. 2d 414, 424, 329 N.W.2d 263 (Ct. App. 1982).

 Schaefer, 308 Wis. 2d 279, ¶ 34. "[I]ts purpose is merely to determine whether there is sufficient evidence that charges against a defendant should go forward."

 "[T]he defense right to call witnesses is subject... to a broad discretion of the magistrate to restrict preliminary hearing presentations in accordance with the limited purposes of that hearing." 4 Wayne R. LaFave et al., Criminal Procedure § 14.4(d), at 359 (3d ed. 2007) (emphasis added).

 A defendant "may call witnesses to rebut the plausibility of a witness's story and the probability that a felony was committed. In this regard, the defendant must have compulsory process to assure the appearance of his witnesses and their relevant evidence." Schaefer, 308 Wis. 2d 279, ¶ 35 (citation omitted).

 State v. Dunn, 121 Wis. 2d 389, 397, 359 N.W.2d 151 (1984); see also County of Jefferson v. Renz, 231 Wis. 2d 293, 322, 603 N.W.2d 541 (1999) (citing Dunn).

 Majority op., ¶ 38.

 For example, when defendants seek in camera review to determine whether disclosure of a confidential informant's identity is appropriate, this court has stated that the burden on the defendant is "not significant" and that "[t]he showing need only be one of a possibility that the informer could supply testimony necessary to a fair determination." See State v. Green, 2002 WI 68, ¶ 24 n.7, 253 Wis. 2d 356, 646 N.W.2d 298 (quoting State v. Outlaw, 108 Wis. 2d 112, 125, 321 N.W.2d 145 (1982)).
Similarly, if a defendant seeks to admit evidence in connection with a defense theory, the threshold for admitting such evidence is low, even if the theory itself is "thoroughly discredited." See State v. Head, 2002 WI 99, ¶ 115, 255 Wis. 2d 194, 648 N.W.2d 413 ("[I]f, before trial, the defendant proffers 'some' evidence to support her defense theory and if that evidence, viewed most favorably to her, would allow a jury to conclude that her theory was not disproved beyond a reasonable doubt, the factual basis for her defense theory has been satisfied.").

 See State v. Bowser, 2009 WI App 114, ¶ 21, 321 Wis. 2d 221, 772 N.W.2d 666 (noting that despite the broad right to pretrial discovery granted by Wis. Stat. § 971.23(1), "the right to pretrial discovery is tempered by the circuit court's discretion under Wis. Stat. § 971.23(6) to deny, restrict, defer, ’or make other appropriate orders' concerning discovery upon a showing of good cause"); see also Schaefer, 308 Wis. 2d 279, ¶ 77 n.17 ("In Wisconsin, criminal 'discovery' is not entirely the parties' procedure because the scope of discoverable materials is set out in statute and compliance with the statute will be enforced by the court.").

 See also Rex v. Sullivan, 575 P.2d 408, 411 (Colo. 1978) (holding that "the judge cannot completely curtail cross-examination on testimony vital to the issue of probable cause ... by refusing to allow the defense counsel to probe the strength of the eyewitness identifications on cross-examination of the [witness]").

 People v. Erwin, 20 Cal. App. 4th 1542, 1551 (1993).