STATE of Wisconsin, Plaintiff-Respondent,

v.

Roy W. COPENING, a/k/a Amos Wade,
Defendant-Appellant.

Court of Appeals

*No. 79–246–CR. Submitted on briefs May 28, 1981.—
Decided July 8, 1981.*
(Also reported in 309 N.W.2d 850.)

For the defendant-appellant the cause was submitted on the brief of *Richard L. Cates,* state public defender, and *William J. Tyroler,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Jerome S. Schmidt,* assistant attorney general.

Before Decker, C.J., Voss, P.J., and Brown, J.

BROWN, J. Roy Copening was convicted of conspiracy to commit theft by fraud, contrary to secs. 943.20(1)(d) and (3)(b) and 939.31, Stats. Upon this appeal,[1] Copening raises numerous challenges to the validity of the criminal complaint and information. Because we conclude Copening's arguments are uncompelling, we affirm the judgment of conviction.

A criminal complaint filed on March 15, 1978 alleged the following facts. On March 3, 1978, Alvin Jones opened a checking account at the First National Bank of Kenosha under the title of "Jones Plumbing Repair Ser-

---

[1] This case is before this court upon remand from the supreme court. In *State v. Copening,* 100 Wis. 2d 700, 303 N.W.2d 821 (1981), the supreme court reversed a prior decision of this court, 95 Wis. 2d 733, 289 N.W.2d 374 (Ct. App. 1980), and remanded for consideration of other issues raised in the case.

vice." Jones deposited $50 in the account. Subsequently, Jones and an unidentified man deposited a $500 check in that account, receiving $300 cash from the bank. On March 6, Jones and an unidentified man deposited a second $500 check into the First National-Jones Plumbing account, receiving $200 cash. Both deposited checks were drawn on O'Hare International Bank and were found to have insufficient funds in their accounts. Also on March 6, Jones opened a checking account at the Brown National Bank in Kenosha. This account was also titled "Jones Plumbing Repair Service," and Jones deposited $50 in that account. Jones withdrew $100 from the Brown National Bank account on March 8.

Copening, using the name Amos Wade, opened a checking account on March 8 at the West Kenosha State Bank. The account was titled "Wade Plumbing Service." The defendant deposited checks totaling $1,500 in the account and received $100 in cash. The deposited checks were drawn on the Federal Bank of Chicago and were subsequently returned for insufficient funds.

On March 8, Copening, purporting to be Wade, deposited in the Brown National-Jones Plumbing account a $1,000 check made payable to Jones Plumbing Repair Service and endorsed by Jones. The complaint states the check "was drawn on the account of the West Kenosha State Bank." Although not specifically stated, it is clear from the complaint and testimony at the preliminary examination that the check in question was drawn on the West Kenosha-Wade Plumbing account with Amos Wade as maker. At the same time, Copening presented a personal check for $100 dated March 8, 1978 with Jones as maker and drawn on the Brown National Bank. Copening received $100 in cash from the bank. On March 10, Copening was arrested at the West Kenosha State Bank when he attempted to cash a personal check for $450 with Amos Wade as maker payable to Wade Plumbing Service.

The complaint further alleged that both businesses were nonexistent and that Copening is not Amos Wade. It lastly alleged that Brown National Bank, First National Bank and West Kenosha State Bank were "deceived and defrauded by said false representations" made, with intent to defraud the banks, by Jones and Copening who knew the statements to be false. The complaint cited secs. 943.20(1)(d) and (3)(b) and 939.32, Stats., the theft by fraud and attempt statutes.

On appeal, Copening challenges the sufficiency of the complaint and information. Because Copening attacks each document on several grounds, we will deal with his contentions *seriatim*.

Copening contends the complaint fails to confer personal jurisdiction because it is duplicitous and ambiguous.[2] Copening moved the trial court to dismiss the complaint because "it fails to set forth the essential facts constituting the offense charged, and further fails to set forth such facts from which a magistrate could infer that the defendant committed the crime with which he stands charged." Basically, Copening challenged the complaint on probable cause grounds.

An objection based on a defect in the institution of a criminal proceeding must be raised before trial by motion or be deemed waived. *Lampkins v. State,* 51 Wis. 2d 564, 570, 187 N.W.2d 164, 167 (1971); sec. 971.31(2), Stats. The defects asserted by Copening on appeal were

[2] Copening originally raised a subject matter jurisdiction challenge to the complaint because it charged him with attempted theft by fraud, yet, the factual allegations of the complaint revealed that a completed theft had occurred. Copening withdrew this challenge in his reply brief in light of *Berry v. State,* 90 Wis. 2d 316, 280 N.W.2d 204 (1979), which held that "proof of a completed crime does not foreclose the possibility of conviction of the attempt to commit a crime . . . ." *Id.* at 329, 280 N.W.2d at 210.

not presented to the trial court. Section 971.30(2), Stats., requires that motions "be in writing and shall *state with particularity the grounds* therefor . . . ." (Emphasis added.) Copening's failure to present his argument to the trial court precludes appellate review as a matter of right. *Bailey v. State,* 65 Wis. 2d 331, 350, 222 N.W.2d 871, 881 (1974).

This court may, in certain circumstances, address an issue otherwise waived. The supreme court in *Maclin v. State,* 92 Wis. 2d 323, 284 N.W.2d 661 (1979), stated:

This question was raised for the first time in the briefs that are before us on this appeal. We have frequently said that even the claim of a constitutional right will be deemed waived unless timely raised in the trial court. *Cordes v. Hoffman* (1963), 19 Wis. 2d 236, 120 N.W.2d 137; *Goyer v. State* (1965), 26 Wis. 2d 244, 131 N.W.2d 888; *Rafferty v. State* (1966), 29 Wis. 2d 470, 138 N.W.2d 741. We have, however, concluded that this court may nevertheless decide a constitutional question not raised below if it appears in the interests of justice to do so and where there are no factual issues that need resolution.

*Id.* at 328–29, 284 N.W.2d at 664, *quoting Bradley v. State,* 36 Wis. 2d 345, 359–59a, 153 N.W.2d 38, 44, 155 N.W.2d 564 (1967).

Despite Copening's failure to raise the particular grounds in the trial court, we will reach the merits of his argument. Both duplicity and ambiguity of the complaint raise constitutional implications conceivably arguable in a post-conviction motion under sec. 974.06, Stats. In the interests of efficient judicial administration, we choose to address Copening's contentions. We also note the paucity of precedent involving a factual situation where the defendant is charged with a continuing conspiracy to commit theft by fraud. The arguments raised by Copening are likely to be raised by other defendants

involved in similar check kiting schemes. Therefore, we will address the merits of his claims.

## DUPLICITY

Copening first contends the complaint is duplicitous because it joins several thefts in a single offense. He urges this court to view the fraudulent receipts of cash from the various banks as distinct offenses. The state contends the complaint reflects one continuous transaction with a single criminal design. The state points out that Copening and Jones were engaged in what is commonly known as "check kiting." Such a scheme necessarily involves several preliminary fraudulent representations to set up the various bank accounts between which the checks are passed. These several acts do not, the state contends, detract from the single design to commit theft by fraud.

A complaint is duplicitous when it joins two or more distinct and separate offenses in a single count. *Harrell v. State,* 88 Wis. 2d 546, 555, 277 N.W.2d 462, 465 (Ct. App. 1979). A duplicitous charge is defective because the jury may find the defendant guilty without the state proving each element of the offense beyond a reasonable doubt. *Jackson v. State,* 92 Wis. 2d 1, 11, 284 N.W.2d 685, 689–90 (Ct. App. 1979). However, "where an offense is composed of continuous acts it may be charged as one offense without rendering the charge duplicitous." *Blenski v. State,* 73 Wis. 2d 685, 695, 245 N.W.2d 906, 912 (1976). The nature of the charge is a matter of election on the part of the state. *State v. George,* 69 Wis. 2d 92, 100, 230 N.W.2d 253, 257–58 (1975).

The complaint alleged attempted theft by fraud. In some instances, theft by fraud may be accomplished by a

single act. In other cases, when a defendant is operating an ongoing fraudulent scheme, it may be necessary to allege several individual transactions which, considered together, reflect the fraudulent operation. We can conceive of no other manner in which a check kiting operation, such as involved here, can be alleged.[3] Although each check passed represents a distinct taking, it is within the state's discretion to charge the entire scheme as a single offense. The single criminal design to commit theft is inferable from the complaint.

Copening next argues that the complaint was so ambiguous that he was deprived of adequate notice of the charges and accusations against him. Like his previous argument, Copening has no right to appellate review of the issue because it was not raised in the trial court. However, for the reasons stated above, we choose to address the merits of his argument.

■

A defendant's right to be informed of the nature and cause of the accusations is guaranteed by the sixth amendment to the federal constitution and art. I, § 7 of the Wisconsin Constitution. The test to determine whether a complaint meets that constitutional standard is twofold: (1) whether the accusation is such that the defendant can determine whether it states an offense to which he is able to plead and prepare a defense, and (2) whether conviction or acquittal is a bar to another prosecution for the same offense. *State v. George*, 69 Wis. 2d at 97, 230 N.W.2d at 256; *Holesome v. State*, 40 Wis. 2d 95, 102, 161 N.W.2d 283, 287 (1968).

---

[3] Our conclusion is consistent with the holding in *United States v. Pavloski*, 574 F.2d 933 (7th Cir. 1978), which involved an embezzlement charge. The court approved a single charge stating:

Ordinarily embezzlement is accomplished by "several separate transactions [that] may form a single, continuing scheme, and may therefore be charged in a single count." *Id.* at 936, *quoting United States v. Daley*, 454 F.2d 505, 509 (1st Cir. 1972).

Copening claims the complaint was vague as to which of his actions formed the basis for his culpability and as to which banks were defrauded. He argues there was no notice of which, if any, acts of others were to be imputed to him at trial. He further states he was unable to determine which statements were allegedly fraudulent or relied on by the banks.

The court in *Blenski v. State,* 73 Wis. 2d at 696, 245 N.W.2d at 912, ruled that when charging a continuous offense and the charge is stated in the language of the statute violated, it is not necessary to allege the particular circumstances of each act constituting the offense or the manner in which the offense is committed. It is sufficient that the allegation contain a plain, concise statement of the elements of the offense. The allegations contained in the present complaint go far beyond the minimum required under *Blenski*. The factual circumstances underlying the fraudulent scheme are set forth in detail. Although, "[a]dmittedly, the complaint . . . evince[s] miserable draftsmanship and confusing syntax," *State ex rel. Cullen v. Ceci,* 45 Wis. 2d 432, 444, 173 N.W.2d 175, 180 (1970), we conclude it was sufficiently clear so as to adequately inform Copening of the pending charges.

Copening also contends that the complaint failed to accurately depict the time of the alleged offense. The introduction of the complaint establishes the relevant time period as between March 3 and March 8, 1978. However, the facts alleged in the body of the complaint extend to March 10, 1978. Copening claims this contradiction deprives him of adequate notice.

We disagree. It is well-settled that when time of the commission of an offense is not a material element of the offense charged, it need not be alleged precisely. *State*

*v. George,* 69 Wis. 2d at 96, 230 N.W.2d at 256 (1975). While the time allegation must meet the constitutional standard of notice, we do not believe that a two day discrepancy hindered Copening's defense. Further, the information issued after the preliminary examination encompassed the longer time period.

## INFORMATION

Copening's final arguments are directed at the information filed after the preliminary examination charging him with conspiracy to commit theft by fraud, contrary to secs. 943.20(1)(d) and (3)(b) and 939.31, Stats.[4] Copening contends that an information charging a conspiracy under sec. 939.31, Stats.,[5] must allege an overt

---

[4] The information stated:

"I, Robert D. Zapf Assistant District Attorney for said County, hereby inform the Court that between March 3, 1978 and March 10, 1978, in the City of Kenosha in said County, the defendant did

intentionally and feloniously, with intent that a crime be committed, to wit, *THEFT BY FRAUD,* agree and combine with another to obtain title to property of another, to wit, approximately $1,000.00 in U. S. currency from the First National Bank, the Brown National Bank, and the West Kenosha State Bank, for the purpose of committing said crime, by intentionally deceiving said banks with a false representation which is known to be false, made with intent to defraud, and which does defraud the above said banks and the persons to whom it is made;

contrary to Section 939.31 and 943.20(1)(d) and (3)(b) Wisconsin Statutes, and against the peace and dignity of the State of Wisconsin.

"Dated March 22, 1978"

[5] Section 939.31, Stats., provides:

939.31 **Conspiracy.** Whoever, with intent that a crime be committed, agrees or combines with another for the purpose of committing that crime may, if one or more of the parties to the conspiracy does an act to effect its object, be fined or imprisoned or both not to exceed the maximum provided for the completed crime; except that for a conspiracy to commit a crime for which the penalty is life imprisonment, the actor is guilty of a Class B felony.

act committed by the defendant in furtherance of the conspiracy.[6] Copening does not cite any Wisconsin authority for this proposition but rather relies on numerous federal cases.[7] The federal authority is not persuasive. Criminal procedure in the federal courts is substantially different than that used before state courts. A criminal proceeding in federal courts is usually initiated by a grand jury indictment. The information is the sole charging document in the federal courts. Therefore, the federal courts have deemed it proper to interpose a requirement that an overt act in furtherance of the conspiracy committed by the defendant be contained in the information.

In Wisconsin, a criminal proceeding is commenced by the filing of a complaint which is "a written statement of the essential facts constituting the offense charged." Sec. 968.01, Stats. The information in a felony case is filed after the preliminary examination or waiver thereof. Secs. 971.01(2) and 971.02(1), Stats. The form of an information is set forth in sec. 971.03, Stats. The information is the charging document to which a defendant must enter a plea. *Pillsbury v. State,* 31 Wis. 2d 87, 93, 142 N.W.2d 187, 191 (1966). A defendant has the benefit of both the factual allegations required in the complaint and the final statutory charges alleged in the information.

---

[6] The record reveals that this argument, like the others, was not presented to the trial court. Defects in the information of a technical or formal nature must be timely raised or be deemed waived. *Weber v. State,* 59 Wis. 2d 371, 378, 208 N.W.2d 396, 399 (1973). However, an objection arguing the information failed to state any crime defined by statute goes to subject matter jurisdiction and cannot be waived. *Id.*

[7] *See, e.g., United States v. Root,* 366 F.2d 377 (9th Cir 1966); *United States v. Marks,* 364 F. Supp. 1022 (E.D. Ky. 1973), rev'd 430 U.S. 188 (1977); *United States v. Brandom,* 273 F. Supp 253 (E.D. Wis. 1967).

An information is sufficient to confer subject matter jurisdiction on the court when it charges a crime known to law. *State v. Lampe,* 26 Wis. 2d 646, 648, 133 N.W.2d 349, 351 (1965). A reference to the statutory section allegedly violated is sufficient if the statute contains all the elements of the crime. *See Brown v. State,* 73 Wis. 2d 703, 707, 245 N.W.2d 670, 672 (1976) ; *Schleiss v. State,* 71 Wis. 2d 733, 738, 239 N.W.2d 68, 72 (1976). The factual allegations relied on by the state which satisfy the elements of the crime are more likely found in the complaint. The facts recited in the complaint need not be repeated in the information. The state need not, in drafting the information, enumerate every act which would comprise an element of the crime. An allegation of the statutory elements is sufficient. *Wilson v. State,* 59 Wis. 2d 269, 275–76, 208 N.W.2d 134, 138 (1973). We conclude the present information need not contain an allegation of the overt acts allegedly committed by Copening in furtherance of the conspiracy.

Copening next argues that the evidence adduced at the preliminary examination was insufficient to support a finding of probable cause as to the crime charged in the information. He contends that there was insufficient evidence of an illicit agreement between Jones and himself, of an intent to defraud and of fraudulent acts relating to the three Kenosha banks.

At the preliminary examination, testimony was taken from the bank tellers who opened the two business accounts for Jones and the defendant, and the Brown National Bank teller to whom Copening presented the $1,000 check on March 8. Copening waived the remainder of the preliminary examination and stipulated that probable cause existed as to the remaining allegations of the complaint.

A defendant may be bound over for trial when the evidence at the preliminary examination is sufficient to establish probable cause that a felony has been committed and that the defendant committed it. Sec. 970.03 (1), Stats. A preliminary examination is held to protect the accused from hasty, improvident or malicious prosecution and to discover whether there is substantial basis for bringing the prosecution and further denying the accused his right to liberty. *Taylor v. State,* 55 Wis. 2d 168, 173, 197 N.W.2d 805, 807 (1972). The probable cause that is required for a bindover is greater than that required for the issuance of an arrest warrant, but guilt beyond a reasonable doubt need not be proven. *State v. Berby,* 81 Wis. 2d 677, 683, 260 N.W.2d 798, 801 (1978). In determining whether probable cause exists, the court is concerned with the practical and nontechnical probabilities of everyday life. *Gaddis v. State,* 63 Wis. 2d 120, 123, 216 N.W.2d 527, 529 (1974).

The appellate court, however, operates under a different standard when reviewing a trial court's determination of probable cause on appeal. The supreme court directed in the case of *State v. Olson,* 75 Wis. 2d 575, 584, 250 N.W.2d 12, 17 (1977), that:

The reviewing court can examine the evidence only sufficiently to discover whether there was any substantial ground for the exercise of judgment by the committing magistrate. When the reviewing court has discovered that there is competent evidence for the judicial mind of the examining magistrate to act on in determining the existence of the essential facts, it has reached the limit of its jurisdiction and cannot go beyond that and weigh the evidence. [*Quoting State ex rel. Hussong v. Froelich,* 62 Wis. 2d 577, 583, 215 N.W.2d 390, 394 (1974).]

*See also State v. Sirisun,* 90 Wis. 2d 58, 62, 279 N.W.2d 484, 485 (Ct. App. 1979).

The complaint charged Copening with attempted theft. After reviewing the complaint and testimony at the preliminary examination, the state charged Copening with conspiracy to commit theft by fraud. Conspiracy to commit theft requires two elements: (1) An agreement among two or more persons to direct their conduct toward the realization of the particular criminal objective, and (2) each member of the conspiracy must individually and consciously intend the realization of the particular criminal objective. *Hawpetoss v. State,* 52 Wis. 2d 71, 80, 187 N.W.2d 823, 827 (1971). The agreement or conspiracy to commit a crime may be proved by circumstantial evidence. *State v. Nutley,* 24 Wis. 2d 527, 559, 129 N.W.2d 155, 169 (1964).

Keeping in mind that the state need only establish probable cause for bindover and subsequent issuance of an information, we conclude probable cause existed to charge Copening with conspiracy to commit theft by fraud. As the trial court stated in response to this argument:

[O]n these facts as alleged in the complaint, and the facts as produced at the preliminary hearing, the Court is satisfied there is probable cause that something very fishy was going on, and that it was a felony. And an attempt to defraud people of a thousand dollars or maybe more, who knows, ultimately. And that he was a party to the conspiracy. There is no rational explanation anywhere for him receiving these checks and being involved in this other than he was party to the fraud. Now, you may find one, and maybe you can show one, but it's something that would be highly unusual. I don't think this fits into the pattern of a lawful business.

Copening next contends the evidence adduced at the preliminary examination mandated that he be charged

with a violation of sec. 939.05 (2) (c), Stats., party to a crime-conspiracy. He argues that the conspiracy statute, sec. 939.31, Stats., should be charged only when the criminal objective has not yet been consummated. He characterizes sec. 939.05 (2) (c), Stats., as applying to completed crimes. Since he contends the evidence establishes probable cause that a completed theft was committed, he concludes that sec. 939.31, Stats., was an inappropriate charge.

It is settled that once it has been determined that there is probable cause to believe a felony has been committed by the defendant and he is bound over for trial, the prosecutor is not bound, in preparing an information, to the charges advanced at the preliminary examination. The prosecutor may charge in the information any crime not wholly unrelated to the transactions and facts adduced at the preliminary examination. *Wittke v. State ex rel. Smith,* 80 Wis. 2d 332, 352, 259 N.W.2d 515, 524 (1977). The purpose of a preliminary examination is satisfied upon a finding of probable cause. The prosecutor may allege related charges in the information. *Bailey v. State,* 65 Wis. 2d 331, 341, 222 N.W.2d 871, 876 (1974).

Copening is correct when he claims that the evidence reflected a number of completed thefts. On two separate occasions, he received $100 from a bank by presenting a worthless check. The state could have issued an information charging Copening with two counts of misdemeanor theft, contrary to sec. 943.20 (1) (d) and (3) (a), Stats. However, the evidence also exhibited an ongoing criminal conspiracy designed to defraud three banks of substantial amounts of money. The state, in its prosecutorial discretion, validly charged Copening with conspiracy to commit thefts by fraud.

Copening's final argument is nearly identical to the previous one. He contends the total money taken did not exceed $500, and therefore he cannot be charged with a felony. He claims there is no evidence that he and Jones contemplated a continuing result of theft by fraud. For reasons similar to those stated above, we disagree. The evidence supported the inference of a check kiting scheme. Implicit in such an operation are individual receipts of money. Those lesser transactions do not detract from the greater criminal scheme. There was ample probable cause to charge Copening as the state did.

After a complete review of Copening's contentions, we affirm the conviction.

*By the Court.*—Judgment affirmed.