STATE of Wisconsin, Plaintiff-Respondent,

v.

Edward ANASTAS, Defendant-Appellant.†

Court of Appeals

*No. 81–1222–CR. Submitted on briefs January 13, 1982.—
Decided March 26, 1982.*
(Also reported in 320 N.W.2d 15.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Mark Lukoff,* first assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

Before Decker, C. J., Moser, P. J., and Randa, J.

RANDA, J.   The defendant Edward Anastas was convicted of endangering safety by conduct regardless of

life, party to a crime, and battery, party to a crime, contrary to secs. 941.30, 940.19(1) and 939.05, Stats. The defendant and his two codefendants, Clifford Nowak (Nowak) and James M. Kowalski, (Kowalski) were scheduled to be jointly tried by a jury. However, on the day of the scheduled jury trial, Kowalski waived his right to a jury trial and consented to a trial to the court. Kowalski's trial was then severed.

The defendant's attorney, who also represented Nowak, requested that the trial court continue the jury trial until after Kowalski was tried, asserting that Kowalski would only testify for the defendant and Nowak if he were tried first. The defendant's attorney also represented to the trial court that both of his clients would testify at Kowalski's trial. After hearing arguments by counsel and after questioning the three codefendants, the trial court denied the defendant's motion for continuance.

On appeal, the defendant's sole ground for reversal of his convictions is that the trial court's denial of his motion for a continuance denied him his sixth and fourteenth amendment rights to present a defense. We conclude that the defendant did not establish that had the motion for continuance been granted, Kowalski would have given testimony at the defendant's trial which would have been significantly favorable to the defendant's case. Therefore, the trial court did not abuse its discretion by denying the defendant's motion. We affirm.

A motion for continuance is directed to the sound discretion of the trial court whose ruling will not be reversed on appeal absent a clear showing of abuse of discretion. *Brezinski v. Barkholtz*, 71 Wis. 2d 317, 320–21, 237 N.W.2d 919, 921 (1976). The standard is the same where the request is based upon a party's obtaining the

attendance of an absent witness. *Bowie v. State*, 85 Wis. 2d 549, 556, 271 N.W.2d 110, 113 (1978). There is no set test for determining whether the trial court abused its discretion. Rather, that determination must be made based upon the particular facts and circumstances of each individual case. *State v. Wollman*, 86 Wis. 2d 459, 468–69, 273 N.W.2d 225, 230 (1979).

Where several defendants are charged with the commission of the same crime and their trials have been severed, the order in which the cases will be tried is within the discretion of the trial court or the prosecuting attorney subject to the trial court's control. *Byrd v. Wainwright*, 428 F.2d 1017, 1022 (5th Cir. 1970). One of several defendants does not have the right to demand that the others be tried first. *Wright v. United States*, 356 F.2d 261, 264 (5th Cir), *cert. denied*, 385 U.S. 861 (1966).

Both the defendant and the state urge this court to adopt those factors relevant to a request for a continuance for the production of an unavailable witness as appropriate factors which trial courts should consider when a defendant requests that his trial be continued until after that of a codefendant in order to have the codefendant testify at the defendant's trial. We are persuaded that these factors, although not all-inclusive, are relevant and serve as a useful guide to the bench and bar alike when confronted with a situation similar to that present in this case.

The specific factors which the trial court should consider when a defendant requests that his trial be had after that of a codefendant in order to secure the testimony of his codefendant are: (1) the likelihood that the defendant will be able to and will produce at his trial the testimony of the codefendant; (2) the likelihood that

the codefendant will give evidence which is both significant and favorable to the defendant's case; (3) whether the defendant diligently attempted to secure the evidence in time for trial; (4) the length of the delay requested; and (5) the burdens on both the trial court and the prosecution if the continuance were granted. *United States v. Haldeman,* 559 F.2d 31, 83–84 (D.C. Cir. 1976), *cert. denied sub nom. Ehrlichman v. United States,* 431 U.S. 933 (1977); *Bowie v. State, supra,* 85 Wis. 2d at 556–57, 271 N.W.2d at 113. The trial court's determination based upon these factors must of necessity depend primarily upon the defendant's motion for continuance, any supporting documents and other facts of record. *Haldeman, supra,* at 83.

The trial court in this case did not articulate its reasons for denying the defendant's motion. Nonetheless, we have independently reviewed the record in light of the factors delineated above and conclude that the trial court did not abuse its discretion. *See State v. Ascencio,* 92 Wis. 2d 822, 829–30, 285 N.W.2d 910, 914 (Ct. App. 1979).

The defendant's attorney did not offer any specific proof or a statement by Kowalski that would support the defendant's assertion that Kowalski would testify at the defendant's trial if Kowalski were tried first. Kowalski's attorney informed the trial court that Kowalski would not testify at the defendant's trial in any event because Kowalski did not want to jeopardize his chances for success on appeal should he forego his right to remain silent by testifying at the defendant's trial. Clearly, Kowalski's right against self-incrimination would continue throughout the appeal process. *State v. Harris,* 92 Wis. 2d 836, 845, 285 N.W.2d 917, 922 (Ct. App. 1979). The defendant's unsupported, conclusory assertion that Kowalski's testimony might be available to the defense if Kowalski were tried first is not sufficient to require

the granting of the defendant's motion. *See United States v. Kahn,* 381 F.2d 824, 841 (7th Cir.), *cert. denied,* 389 U.S. 1015 (1967), *reh'g denied,* 392 U.S. 948 (1968) (unsupported possibility that codefendant's testimony would be available to the defendant if motion for severance were granted insufficient for reversal of the trial court's denial of motion).

The defendant's reliance on *United States v. Echeles,* 352 F.2d 892, 898 (7th Cir. 1965), for the proposition that the defendant need show only that his codefendant would be more likely to testify for the defendant if the codefendant were tried first, is misplaced. *See United States v. Kahn, supra.* A significant circumstance considered by the court in *Echeles, supra,* 352 F.2d at 898, was the codefendant's having offered testimony exculpatory of the defendant on three previous occasions.

The defendant's attorney asserted that Kowalski's testimony would prove the defendant's innocence. This conclusory assertion is without support in the record and does not adequately demonstrate any basis to believe that Kowalski's testimony would be favorable to the defendant. *United States v. Sukumolachan,* 610 F.2d 685, 687 (9th Cir. 1980). The defendant must provide the trial court with a "clear showing of what the codefendant would testify to," *Byrd v. Wainwright, supra,* 428 F.2d at 1020, in order for the trial court to determine whether the testimony would be exculpatory or otherwise favorable to the defense. *See Milenkovic v. State,* 86 Wis. 2d 272, 284, 272 N.W.2d 320, 326 (Ct. App. 1978) (necessity of sufficiently detailed offer of proof to permit the trial court to accept conclusion or inference urged).

The defendant's attorney's mere assertion is not sufficient to demonstrate in what manner Kowalski's testimony would be other than cumulative to that of the defendant and Nowak. Without a showing that Kowalski's

testimony would not be cumulative and would be favorable to the defendant, the defendant failed to establish that Kowalski's testimony would be so significant as to require Kowalski to be tried first or that Kowalski would be the only witness able to give the alleged exculpatory evidence. *See Elam v. State,* 50 Wis. 2d 383, 392, 184 N.W.2d 176, 180–81 (1971).

The state agrees that the defendant promptly moved for a continuance. The record supports this concession. As soon as the trial court severed Kowalski's trial, the defendant's attorney moved to have Kowalski tried first.

Although not articulated by the trial court, the fact that the defendant's jury trial was already scheduled and the parties were ready to proceed at the time of the defendant's motion is a proper consideration in reviewing the trial court's ruling. The prosecuting attorney also indicated his desire to have the defendant tried expeditiously because he had been charged with the commission of another crime while he was on bail pending his trial in this case. Kowalski had no prior criminal record and no other pending criminal charges. These factors, in and of themselves, are not compelling but are nonetheless proper factors to consider in the balancing process to be undertaken by the trial court.

We conclude, based upon the record and the factors relevant to the consideration of a motion for continuance to permit the production of a codefendant's testimony, that the trial court did not abuse its discretion by denying the defendant's motion.

*By the Court.*—Judgment affirmed.