STATE of Wisconsin, Plaintiff-Respondent,

v.

Peter E. BERG, Defendant-Appellant.†

Court of Appeals

*No. 83–252–CR. Submitted on briefs October 3, 1983.—Decided November 23, 1983.*

(Also reported in 342 N.W.2d 258.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Peter E. Berg* of Vienna, Virginia.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Kirbie Knutson,* assistant attorney general.

Before Gartzke, P.J., Dykman, J. and Gordon Myse, Reserve Judge.

DYKMAN, J.    Defendant appeals from a judgment of conviction for theft in violation of sec. 943.20(1)(a), Stats.[1]  Issues on appeal are whether (1) defendant was properly charged, (2) the evidence was sufficient to sustain the verdict, (3) the trial court erred in allowing certain hypothetical questions to be asked of defendant's character witnesses, and (4) the trial court erred in denying motions for continuance. We conclude defendant was properly charged and the elements of theft were proved by sufficient evidence to sustain the verdict and that the trial court did not err in allowing the hypothetical questions or in denying the continuances. We affirm.

Defendant, an attorney, was retained in March 1979 to represent Cheryl O'Reilly in a personal injury case. The

---

[1] Section 943.20(1)(a), Stats., provides in part:

Whoever does any of the following may be penalized as provided in sub. (3):

(a) Intentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of such property.

client agreed that defendant's fees would be contingent upon the amount recovered and would be one-third of that amount. Defendant did not discuss with O'Reilly payment of expenses associated with the claim. He entered negotiations with Herbert Breidel, a claims adjuster for State Farm Insurance Company, to settle the O'Reilly claim.

During the negotiations, defendant obtained a blank release form from Breidel and sent it to the O'Reillys. Mr. O'Reilly signed the blank form which Mrs. O'Reilly then took to defendant's office. Defendant discussed settling the case for $9,000 or $10,000 but did not fill in any amount on the release before Mrs. O'Reilly signed it. Defendant and Breidel eventually agreed to settle the claim for $12,000. Defendant arranged for Breidel to draft a check payable to him as attorney for the O'Reillys so that only his signature was necessary to cash it. Breidel then filled in the amount of $12,581.70 on the release. Defendant endorsed the check and deposited it into his trust account. He told the O'Reillys the claim had been settled for $10,000 and wrote them a check for two-thirds of that amount. He wrote a check to himself for $2,500 and cashed it. The O'Reillys never saw the completed release or the check from State Farm and did not know the actual amount of the settlement until this action was started.

In July 1982, a criminal complaint for theft was issued against defendant. Before trial, he made a motion for a continuance to allow substitution for his attorney who thought he might be called to testify. The motion was denied. Defendant was tried and found guilty. At sentencing, he again moved for a continuance to allow time to make post-conviction motions. This motion also was denied.

## PROPER CHARGE

Defendant argues that he should have been charged under sec. 943.20(1)(b), Stats., instead of sec. 943.20(1)(a), and, therefore, the state failed to prove an element of the crime. He contends that, as their attorney, he had a right to possession of the O'Reillys' money and could be charged with embezzlement but not larceny. He claims the state failed to prove he did not have a right to possession.

Challenges to the sufficiency of a complaint must be made prior to the preliminary hearing. Sec. 971.31(5)(c), Stats. Failure to object to a defect in the institution of a criminal proceeding constitutes a waiver. *State v. Copening,* 103 Wis. 2d 564, 570, 309 N.W.2d 850, 853 (Ct. App. 1981). Defendant waived his right to a preliminary hearing and did not, at any time during the course of the proceedings against him, make a motion challenging the complaint or evidence against him. He raises this issue for the first time on appeal. His failure to present his argument to the trial court precludes appellate review. *Id.* at 571, 309 N.W.2d at 853.

## SUFFICIENCY OF THE EVIDENCE

Defendant challenges the sufficiency of the evidence supporting the verdict on the grounds that there was no evidence that the O'Reillys owned the money he withheld from them, that the O'Reillys failed to consent to his possession of it, and that he concealed the money. On review, we must uphold the jury verdict unless, "under all the evidence presented, the jury *could not* have found guilt beyond a reasonable doubt." *State v. Alles,* 106 Wis. 2d 368, 377, 316 N.W.2d 378, 382 (1982). If any

possibility exists that the jury could have drawn the appropriate inferences from the evidence at trial to find the requisite guilt, the jury verdict will not be overturned. *Id.*

Section 943.20(1)(a), Stats., requires proof beyond a reasonable doubt of four elements: (1) intentional possession of the movable property of another without the owner's consent; (2) possession without the owner's consent; (3) knowledge that possession was without consent; and, (4) intention to deprive the owner of the property permanently. *Genova v. State,* 91 Wis. 2d 595, 613 n. 19, 283 N.W.2d 483, 491 (Ct. App. 1979). Sufficient evidence supported the jury's findings of the necessary elements.

A reasonable jury could have found the O'Reillys owned two-thirds of the $2,000 defendant received from State Farm and kept for himself. Both O'Reillys and defendant testified they entered into an oral agreement that the O'Reillys would receive two-thirds and defendant one-third of any settlement with State Farm. Defendant testified that, as a condition for settling the O'Reillys claim for $10,000, he had to agree with Breidel to cash a $12,000 settlement check and return $2,000 to Breidel and a second adjuster. He characterized the $2,000 as an expense associated with settling the claim. The O'Reillys said they never discussed payment of expenses with defendant and that his full compensation was to be one-third of the settlement. Defendant stated he believed he did tell the O'Reillys about payment of expenses in addition to the percentage of settlement as that was his usual practice with clients. The jury's duty is to weigh the credibility of the witnesses. *Alles,* 106 Wis. 2d at 376, 316 N.W.2d at 382. Its decision to believe the O'Reillys and find that they were entitled to two-thirds of $12,000 is reasonable.

Sufficient evidence also supports the jury's finding that the O'Reillys did not consent to defendant's retention of the $2,000. Both Kevin and Cheryl O'Reilly testified that they did not authorize defendant to keep the $2,000 in addition to his percentage of the $10,000. They also testified they did not know the claim was settled for $12,000 until November 1981. They could not consent to something of which they had no knowledge.

Finally, sufficient evidence supports the jury's finding that defendant concealed the extra $2,000 from the O'Reillys. Breidel testified he drafted and delivered the $12,000 check payable to defendant on November 2, 1979. On November 8, 1979, Cheryl O'Reilly signed the blank release after a discussion in which defendant told her the settlement would be between $9,000 and $10,000. Neither O'Reilly ever saw the completed release, the State Farm check or any other documentation or accounting of the $12,000 settlement. Both testified that defendant told them the settlement amount was $10,000.

## HYPOTHETICAL QUESTIONS

At trial, the prosecutor cross-examined defendant's character witnesses in part by posing the following hypothetical questions:

1) Would you say that a man who participates in a scheme to defraud an insurance company is an honest man?
2) Would you say that a man who settles a client's claim for $12,000 and tells the clients that it was settled for $10,000 is a truthful man?

The trial court overruled defendant's objections to these questions. Defendant contends the questions relied on facts of the case, suggested defendant was guilty of criminal conduct, elicited opinions of character rather than reputation, were used to prejudice the jury, and that the court erred in allowing them.

No Wisconsin court has determined whether hypothetical questions may be used to cross-examine a defendant's character witnesses. Only Georgia appellate courts have well-developed case law on this issue. In Georgia, hypothetical questions based on evidence as to what the accused has allegedly done and whether the witness would consider a person who would do such things a person of good character have been recognized as proper. *Jackson v. State,* 254 S.E.2d 739, 741 (Ga. App. 1979). We conclude Georgia law merely extends the rule on hypothetical questions as it has developed in Wisconsin to cover the specific instance of cross-examining character witnesses. We therefore follow it in this case.

Wisconsin law allows hypothetical questions in examining and cross-examining expert witnesses in criminal cases. *State v. Rice,* 38 Wis. 2d 344, 156 N.W.2d 409 (1968). Questions asked in hypothetical form are not limited to the purpose of testing skill and knowledge but may be used to test the weight to be given to the testimony. *Id.* at 353–54, 156 N.W.2d at 414. Hypothetical questions must be based on facts which have been admitted as evidence. *King v. State,* 75 Wis. 2d 26, 41–42, 248 N.W.2d 458, 466 (1977). A proper hypothetical may elicit an expert's opinion on material facts of the case because of the safeguards that the opposing party may supply omitted facts and the court may require questions to be rephrased. *Rice,* 38 Wis. 2d at 357, 156 N.W.2d at 416. It is then for the jury to decide what weight will be accorded the expert's opinion. *Id.*

Whether opinion testimony should be admitted is a matter left to the trial court's discretion. *Maci v. State Farm Fire & Casualty Co.,* 105 Wis. 2d 710, 720, 314 N.W.2d 914, 920 (Ct. App. 1981). We will uphold the trial court's exercise of discretion unless the ruling was

wrong and an abuse of discretion. *Hampton v. State*, 92 Wis. 2d 450, 458, 285 N.W.2d 868, 872 (1979). In reviewing the trial court's decision to allow the hypothetical questions, we look first for evidence that the trial court exercised its discretion and next for a statement as to the basis for that exercise. *State v. Ascencio*, 92 Wis. 2d 822, 829, 285 N.W.2d 910, 914 (Ct. App. 1979).

The record shows the trial court exercised its discretion in allowing the hypothetical questions. The court heard arguments from both parties on defendant's objections, required rephrasing of one of the questions, and then overruled defendant's objection. The court's basis for allowing the question was that both questions accurately reflected the defendant's testimony. The court required careful wording of the questions to minimize prejudicial effects on the jury. It did not abuse its discretion.

## MOTIONS FOR CONTINUANCE

Defendant contends the trial court abused its discretion by denying his pre-trial motion for a continuance to allow him to obtain new counsel. At the pre-trial conference on the day of trial, defense counsel notified the court of a possible conflict of interest based on his being the only person who could impeach certain prosecution witnesses. The trial court required counsel to choose between representing defendant and acting as an impeachment witness. Defendant's co-counsel moved for a continuance to allow him time to prepare to conduct defendant's case. The motion was denied and defense counsel chose to conduct the defense. Defendant argues that he was prejudiced by being forced to make this choice.

A motion for continuance is directed to the discretion of the trial court and will not be reversed unless abuse of

discretion is shown. *State v. Anastas,* 107 Wis. 2d 270, 272, 320 N.W.2d 15, 16 (Ct. App. 1982). Where, as here, the trial court does not state its reasons for its decision, we independently review the record for facts which support the decision had discretion been exercised on the basis of those facts. *Ascencio,* 92 Wis. 2d at 829, 285 N.W.2d at 914.

The record indicates that defendant's counsel had represented him for at least two months prior to trial. Defendant should have known of the potential conflict because Herb Breidel, one of the witnesses whom he expected to impeach, was the state's primary witness. Defendant had no reason for not finding another attorney to represent him earlier. Further, it is not clear that defense counsel's testimony would have been necessary. The jury heard the testimony of defendant and Breidel and was able to assess the credibility of the two people directly involved in the negotiations. We conclude that these facts support the discretionary decision of the trial court in denying defendant's motion for a continuance to obtain new counsel.

Defendant's final argument is that the trial court erred in denying his post-trial motion for a continuance. At defendant's sentencing, he requested a continuance to prepare post-trial motions which his trial counsel had failed to do. Defendant was represented at the hearing by an attorney from trial counsel's firm because defendant's trial counsel was hospitalized. Defendant argues that failure of his trial counsel to appear and file motions after verdict constitutes ineffective assistance of counsel which denies him due process and equal protection of law. He claims the trial court's denial of his motion for continuance was error.

Though we review denial of a motion for continuance for abuse of discretion, we review the record *de novo* for

the possibility of prejudice arising from the absence of counsel at a critical stage of the proceedings. *State v. Mills*, 107 Wis. 2d 368, 372, 320 N.W.2d 38, 40 (Ct. App. 1982). The harmless error rule applies if prejudice is found beyond a reasonable doubt to be merely speculative or hypothetical. *Id.*

Defendant was not prejudiced by trial counsel's failure to make post-trial motions or appear at sentencing. Defendant raised numerous issues on appeal which presumably were those he would have raised in post-trial motions and which would have been reviewed had post-trial motions been made. He was represented at sentencing by an attorney and he, also an attorney, spoke on his own behalf. If the trial court's refusal to grant a continuance was error, it was harmless was beyond a reasonable doubt. We affirm.

*By the Court.*—Judgment affirmed.