COURT OF APPEALS
DECISION
DATED AND FILED

April 23, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP96-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2022CF1716

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

WILLIAM A. CHURCHILL,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Kenosha County: ANGELINA GABRIELE, Judge. *Affirmed*.

Before Gundrum, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. William A. Churchill appeals from a judgment entered after a jury found him guilty of second-degree recklessly endangering safety and attempting to flee or elude an officer, contrary to WIS. STAT. §§ 941.30(2) and 346.04(3) (2023-24).[1]  Churchill asserts the circuit court: (1) erred in handling his request to require the State to introduce evidence pursuant to the Rule of Completeness, *see* WIS. STAT. § 901.07; (2) misstated the law during Churchill's closing argument; and (3) should have held an evidentiary hearing on his ***Franks-Mann***[2] motion.  We affirm.

## I. BACKGROUND

¶2    In December 2022, the State charged Churchill with attempting to flee or elude an officer and second-degree recklessly endangering safety based on an incident wherein a Kenosha Police Officer (PO#1)[3] responded to a "shots fired" complaint that led to PO#1 ultimately apprehending Churchill, who was seen near the area driving away in his Mitsubishi, following a high-speed chase.

¶3    The preliminary hearing occurred on December 20, 2022, and the circuit court found probable cause.  Churchill pled not guilty and requested a jury trial.  On July 31, 2023, Churchill filed a ***Franks-Mann*** motion, which sought dismissal of both counts based on his assertion that the Complaint omitted key facts that would have resulted in a finding of no probable cause.  Specifically, he

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] *See* ***Franks v. Delaware***, 438 U.S. 154 (1978); ***State v. Mann***, 123 Wis. 2d 375, 367 N.W.2d 209 (1985).

[3] Based on Churchill's recklessly endangering safety conviction, the testifying officer, as the officer conducting the vehicle chase, can be considered a victim, and this opinion therefore does not identify the officer by name.  *See* WIS. STAT. RULE 809.86.

asserted the Complaint failed to: (1) state there were no people around during the high-speed chase, thereby making it impossible for him to have recklessly endangered anyone; and (2) demonstrate that he *knowingly* was fleeing the officer. The court denied the motion both on the merits and on procedural grounds. First, it concluded that the Complaint did not omit critical facts, and second, it ruled the motion was untimely because Churchill filed it more than six months after the preliminary hearing. *See* WIS. STAT. § 971.31(5)(c). The court also found that although Churchill's contentions were insufficient to affect probable cause, the defense would be free to argue to the jury that there were no people around to endanger and that he did not know he was fleeing from police.

¶4 The circuit court held a jury status conference shortly before the scheduled trial date in September 2023. Churchill complained that the State had filed a witness list indicating it would only call PO#1 at trial and argued that under the Rule of Completeness, the State was required to call a second Kenosha Police Officer (PO#2) because Churchill had made statements captured on both officers' body camera videos. Specifically, Churchill asserted that during the traffic stop, he was removed from his car and placed in a squad car with PO#2 guarding him while PO#1 searched the Mitsubishi and that during that time, PO#2's body camera recorded Churchill commenting to PO#2 that he was aware of the police presence for the shots fired complaint. He argued that under the Rule of Completeness, the State should be required to call both officers to testify or at least show PO#2's body camera video to the jury so it would hear the statements he made to both police officers. In particular, Churchill wanted the jury to hear his statement to PO#2 that he "saw a lot of officer's [sic] all over the area."

¶5 After some discussion, the circuit court ruled that it had not seen the statements Churchill made to either officer and that Churchill could either file a

3

formal motion and submit the statements for the court to review or the court would address it during the trial after it heard the testimony. Churchill did not file such a motion, although he did file a motion asking the court to reconsider its decision on the Rule of Completeness. The court again discussed the issue prior to the start of the jury trial and indicated it had not made a ruling and could not make a ruling until it reviewed the statements involved. After additional discussion, the court told counsel to provide the statements so the issue could be addressed after PO#1 testified.

¶6     PO#1 was the only witness to testify at the jury trial. He explained that he observed Churchill's vehicle in the course of responding to a "shots fired" complaint and that he thereafter made a U-turn to follow Churchill, who immediately accelerated to speeds in excess of 60 miles per hour in a residential area with a 35-mile-per-hour speed limit in an attempt to get away from the police. It was "pitch black" out at the time, and at one point, the Mitsubishi turned off all its lights and continued to speed away. PO#1 activated the squad's lights and siren and continued his pursuit; however, he eventually lost sight of the Mitsubishi and stopped his pursuit. A short time later, PO#1 noticed the Mitsubishi leaving a parking lot and conducted a traffic stop, at which time he identified Churchill as the driver. After being stopped, Churchill told PO#1 that he saw the squad car make the U-turn and follow him and saw PO#1 activate his lights and siren but that he tried to flee because he had "bad plates" and "couldn't afford tickets."

¶7     The State played a portion of PO#1's body camera video from the traffic stop during his testimony, and the defense played portions during its cross-examination. Despite his prior arguments regarding PO#2's body camera video under the Rule of Completeness, Churchill seemingly abandoned the issue at trial as he did not raise this issue with the circuit court following PO#1's testimony

4

and the introduction of PO#1's body camera video.  The case proceeded to closing arguments, and during the defense closing, the following exchange occurred:

> [DEFENSE COUNSEL]: So, there's no reason to think that anyone was placed in any type of danger, reasonable or unreasonable, substantial or unsubstantial, by the speed that Mr. Churchill was going.  Let alone the fact that there is no human being, actual human being, not just a guess that there was somebody in that house or someone in that house, there might have been someone sitting in that car or on that porch or across the street.  That's speculation, those aren't real humans.  *That's not appropriate to argue that to you, and they shouldn't.*
>
> THE COURT: *Well, the Court is the judge of that.*
>
> [DEFENSE COUNSEL]: *Certainly.  I'll withdraw that* and I'll say, I cannot understand how someone could argue that to you based on the plain language of the jury instructions.

(Emphases added.)

¶8    The jury convicted.  Churchill now appeals.

## II.  DISCUSSION

¶9    Churchill presents three claims of error: (1) the circuit court should have required the State to present the statement he made to PO#2 under the Rule of Completeness; (2) the court erred when it interrupted the defense's closing argument to state that the court—not defense counsel—decides what is "appropriate argument"; and (3) the court should have held an evidentiary hearing on the ***Franks-Mann*** motion.

### A.  *Rule of Completeness*

¶10    The Rule of Completeness is codified at WIS. STAT. § 901.07, which provides that: "When any part of a writing or statement, whether recorded or

unrecorded, is introduced by a party, an adverse party may require the party at that time to introduce any other part or any other writing or statement which ought in fairness to be considered contemporaneously with it to provide context or prevent distortion." *See also State v. Eugenio*, 219 Wis. 2d 391, 407, 579 N.W.2d 642 (1998). Because the Rule of Completeness involves an evidentiary decision, we apply a discretionary standard of review and will not reverse unless the circuit court erroneously exercised its discretion. *See State v. Novy*, 2013 WI 23, ¶¶21, 36, 346 Wis. 2d 289, 827 N.W.2d 610 ("[W]hether to admit or deny evidence rests in the sound discretion of the circuit court, which we will not overturn absent an erroneous exercise of discretion.").

¶11 Here, Churchill argues the circuit court should have required the State to introduce PO#2's body camera video under the Rule of Completeness because the State introduced PO#1's body camera video. The State responds that Churchill forfeited the issue because he failed to raise it during the trial. We agree with the State.

¶12 Although the Record reflects that Churchill repeatedly raised this issue *before* trial, the circuit court repeatedly said it would not make a decision until after PO#1 testified and it had reviewed the statement the defense believed "completed" PO#1's testimony. Nevertheless, Churchill failed to raise his Rule of Completeness argument following PO#1's trial testimony. In other words, despite having been informed that the court would not make a decision on his Rule of Completeness request until after it heard PO#1's testimony, Churchill failed to ask the court to do so after PO#1 testified and PO#1's body camera video was presented to the jury. Consequently, there is no final circuit court decision on this issue to review, and we conclude that Churchill failed to preserve this issue for appeal. *See Staskal v. Symons Corp.*, 2005 WI App 216, ¶74, 287 Wis. 2d 511,

706 N.W.2d 311 ("In order to properly preserve a claim of evidentiary error for appeal, a litigant must raise the issue in a manner that gives the circuit court [the] opportunity to make a ruling. If a court does not make a definitive pretrial ruling on an issue raised by a party, the party must raise the issue during [the] trial in order to preserve it for appeal." (internal citation omitted)); *see also State v. Kutz*, 2003 WI App 205, ¶¶27, 30, 267 Wis. 2d 531, 671 N.W.2d 660 (concluding pretrial hearsay objection not preserved for trial where "[t]he [circuit] court made very clear it could not rule on what exceptions might apply … until it heard how the evidence came in at trial").

### B. Closing Argument

¶13    Churchill's next argument challenges the circuit court's statement that "the Court is the judge of that" during the defense's closing argument. He argues the court misstated the law and told the jury it did not need to weigh the evidence about people being on the street to endanger. We reject his argument. It is clear from the transcript that the court's statement was a correction of defense counsel's claim about the State having made an inappropriate argument. Stated differently, the court interjected that *the court*, not *defense counsel*, decides whether an argument is appropriate. Defense counsel immediately acknowledged its mistake and withdrew the comment. *See State v. Burns*, 2011 WI 22, ¶48, 332 Wis. 2d 730, 798 N.W.2d 166 ("Counsel is allowed considerable latitude in closing arguments, with discretion given to the trial court in determining the propriety of the argument."). Churchill's attempt on appeal to interpret the court's comment differently has no merit, and we need not address it further. *See Libertarian Party of Wis. v. State*, 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (An appellate court need not address arguments that "lack sufficient merit to warrant individual attention.").

7

## C. *Franks-Mann* Motion

¶14    Churchill's final argument is that the circuit court erred when it denied his ***Franks-Mann*** motion without holding an evidentiary hearing. We reject this argument as well.

¶15    The United States Supreme Court has held that:

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

***Franks v. Delaware***, 438 U.S. 154, 155-56 (1978). The Wisconsin Supreme Court extended ***Franks*** to include omissions equivalent to deliberate falsehoods or reckless disregard for the truth "in the context of a challenge to a criminal complaint." ***State v. Mann***, 123 Wis. 2d 375, 378, 385-90, 367 N.W.2d 209 (1985). "For an omitted fact to be the equivalent of 'a deliberate falsehood or a reckless disregard for the truth,' it must be an undisputed fact that is critical to an impartial judge's fair determination of probable cause." ***Id.*** at 388 (footnote omitted; citation omitted). We review de novo whether the circuit court erred when it denied Churchill's motion for a ***Franks-Mann*** hearing. *See* ***State v. Jones***, 2002 WI App 196, ¶25, 257 Wis. 2d 319, 651 N.W.2d 305.

¶16    As noted, the circuit court denied Churchill's motion both on substantive and procedural grounds. First, it found the facts that Churchill alleged the State omitted did not change the probable cause determination. Specifically, it found:

> [T]here were no critical "omitted" facts as alleged by the defendant. Instead, the defendant is challenging probable

> cause based on the sufficiency of the complaint. Even with the facts as alleged by the defendant (distance between the two cars and no other actual person within the vicinity of the fleeing) there is probable cause to support the charges.

No hearing is required if, even with the allegedly omitted facts, the court finds probable cause still exists. *See **Mann***, 123 Wis. 2d at 388-89. Because the court so found, it did not need to hold a hearing.

¶17 Second, the circuit court found that the ***Franks-Mann*** motion was untimely. WISCONSIN STAT. § 971.31(5)(c) requires a defendant to raise challenges to the sufficiency of a complaint *before* the preliminary hearing. It provides: "In felony actions, objections based on the insufficiency of the complaint shall be made prior to the preliminary examination or waiver thereof or be deemed waived." ***Id.*** In his brief-in-chief, Churchill asserts the circuit court erroneously exercised its discretion in denying his ***Franks-Mann*** motion because the "motion did establish questions of fact specifically challenging the truthfulness of information provided in the complaint upon which a ***Franks-Mann*** motion is considered." He also asserts that his ***Franks-Mann*** motion "did not violate procedural or substantive law."

¶18 As noted, however, WIS. STAT. § 971.31(5)(c) requires that motions challenging the sufficiency of the complaint be filed prior to the preliminary hearing, and here, Churchill did not file his ***Franks-Mann*** motion—a motion effectively challenging the sufficiency of the complaint—until six months *after* the preliminary hearing because that is when he claims he first discovered the basis

for the motion.[4]  Having failed to file a timely motion challenging the sufficiency of the complaint, Churchill waived his right to make this challenge, and the circuit court therefore did not err in denying his motion.  *See **State v. Berg***, 116 Wis. 2d 360, 365, 342 N.W.2d 258 (Ct. App. 1983).

¶19    As a final note, we recognize that Churchill asserts—for the first time—in his Reply brief that WIS. STAT. § 971.31 "does not apply … because the nature of a ***Franks-Mann*** motion is that evidence not known to when the court is determining probable cause is discovered, and had that evidence been included, probable cause would have been defeated. [sic]"  He goes on to argue that "[t]o require ***Franks-Mann*** to apply only before the preliminary hearing would be a logical fallacy" and that doing so would "undermine[]" "the purpose and value of ***Franks-Mann*** motions[.]"[5]  Nevertheless, Churchill fails to otherwise develop any argument that the law supports an exception to § 971.31(5)(c)'s pre-preliminary hearing requirement, and we therefore do not address this issue—or his arguments as to the sufficiency of his ***Franks-Mann*** motion—further.  *See **Gaethke v. Pozder***, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 ("[O]n appeal 'it is the burden of the appellant to demonstrate that the [circuit] court erred.'" (second alteration in original; citation omitted)); ***Clean Wis., Inc. v. PSC***, 2005

---

[4] Despite asserting that the "exculpatory evidence was gathered from" the officer's "body worn camera" and that "[t]his type of evidence is only turned over to the defense after the preliminary hearing[,]" Churchill fails to explain how this "exculpatory evidence"—a statement he himself claims to have made that was captured on the officer's body camera—only became known to him six months after the preliminary hearing.  Presumably, Churchill was aware of what he himself stated to the officers during the traffic stop, which necessarily pre-dated the preliminary hearing.

[5] ***State v. Mann***, 123 Wis. 2d at 393, however, states that "it would certainly be unjust to require an individual charged by a criminal complaint *to wait until the preliminary hearing* … to show the critical error which has been made."  (Emphasis added.)  This statement itself suggests that a ***Franks-Mann*** motion is to be filed prior to—not after—a preliminary hearing.

WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments.").[6]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] Because we conclude that Churchill's ***Franks-Mann*** motion was untimely, we need not further address the substantive aspect of the circuit court's decision denying Churchill's motion. *See **Water Well Sols. Serv. Grp., Inc. v. Consolidated Ins. Co.***, 2016 WI 54, ¶33 n.18, 369 Wis. 2d 607, 881 N.W.2d 285 ("We decide cases on the narrowest grounds possible."); ***Martinez v. Rullman***, 2023 WI App 30, ¶5, 408 Wis. 2d 503, 992 N.W.2d 853 (this court decides cases on the narrowest possible grounds); ***State v. Lickes***, 2021 WI 60, ¶33 n.10, 397 Wis. 2d 586, 960 N.W.2d 855 ("Issues that are not dispositive need not be addressed." (quoted source omitted)).