STATE of Wisconsin, Plaintiff-Appellant,

v.

Alvin FOUSE, Jr., Defendant-Respondent.

Court of Appeals

No. 82–1806–CR.  Submitted on briefs April 29, 1983.—
Decided June 7, 1983.
(Also reported in 337 N.W.2d 837.)

For the plaintiff-appellant the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Chris Heikenen,* assistant attorney general.

For the defendant-respondent the cause was submitted on the brief of *Martin I. Hanson* and *John A. Becker* of *Hanson & Gasiorkiewicz* of Racine.

Before Scott, C.J., Voss, P.J., and Brown, J.

BROWN, J.   The state appeals from the trial court's dismissal of receiving stolen property charges against Alvin Fouse.  Following a bindover decision by the preliminary hearing magistrate, Judge Jon Skow, the trial court judge, Dennis Costello, reviewed the preliminary hearing transcript and concluded it contained no evidence to show Fouse knew the items were stolen.  Because we conclude that the inference of knowledge drawn by Judge Skow from the evidence was reasonable, was sufficient to enable him to find probable cause and was one to which Judge Costello was required to defer, we reverse.

The evidence at the preliminary hearing showed that Alvin Fouse's home was searched on April 1, 1982.  Fouse lives there with his wife; at the time of the search, his eighteen-year-old son was home on break from college, and a sixteen-year-old girl was in the residence.  During the search, the police seized two commercial video games, a "quota phone" and a color television set; the devices had been stolen in three separate burglaries.  They also photographed and noted the serial number of a video recorder but did not confiscate it.  On April 2, the police, having ascertained that the video recorder had been reported missing after a fourth burglary, returned to the Fouse home.

The recorder was not in the home, and Fouse said the police had taken it the day before. When the officers told him the item had been left behind, Fouse retorted: "Well, then I guess maybe my house was burglarized and it was taken."

Judge Skow rejected a motion to dismiss on the ground that the evidence was insufficient to show probable cause Fouse knew the items were stolen. Although no direct evidence was produced on the subject, Judge Skow emphasized that *four* different stolen devices were discovered in Fouse's house. He apparently concluded that this factor gave rise to an inference sufficient to support a bindover.[1] Fouse challenged the bindover prior to trial, and Judge Costello dismissed the charges, stating:

In both reading the complaint and reading the transcript of the preliminary hearing, the Court does not find that there is probable cause or any evidence at all that the defendant knew that these items were stolen.

The principal dispute between the parties is what posture Judge Costello was required to assume in reviewing the bindover decision. The state posits that a trial court is bound by the appellate standard reiterated in *State ex rel. Funmaker v. Klamm,* 106 Wis. 2d 624, 629, 317 N.W. 2d 458, 461 (1982):

On review of a trial court's finding as to probable cause at a preliminary hearing:

---

[1] Judge Skow made his comments concerning the inference of knowledge raised by the possession of the stolen items before testimony was introduced at the preliminary. Although his statements were in response to a motion to dismiss the complaint, there is no reason to believe they did not apply to his rejection of the defense objection to the bindover. The complaint alleged the same information as was shown by the preliminary hearing testimony. Also, the defense attorney's argument after the preliminary hearing testimony was heard referred to the court's prior ruling.

". . . The reviewing court can examine the evidence only sufficiently to discover whether there was any substantial ground for the exercise of judgment by the committing magistrate. When the reviewing court has discovered that there is competent evidence for the judicial mind of the examining magistrate to act on in determining the existence of the essential facts, it has reached the limit of its jurisdiction and cannot go beyond that and weigh the evidence."

Under this standard, the reviewing court may examine the record *ab initio* only if the lower court has failed to make findings of fact or where the principal facts and inferences therefrom are undisputed. *See id.* Fouse disagrees, arguing that a trial judge is entitled to conduct an independent evaluation of the record and decide anew whether probable cause has been established.[2] He contends that a passage in *State v. Hooper,* 101 Wis. 2d 517, 537, 305 N.W.2d 110, 120 (1981), supports this conclusion:

Following a bindover, it becomes the duty of the *district attorney* to review and weigh the preliminary hearing evidence and file charges in the information in accordance with that evidence. [Emphasis in original.] *The trial court may then on a challenge to the bindover review the evidence produced at the preliminary to determine if it established probable cause to believe that a felony was committed and that the defendant committed it.* However, where the challenge is not to the bindover decision, but to the specific charge recited in the information (as in this case), we hold that the trial judge's review is only as to the question of whether the district attorney abused his discretion in issuing a charge not within the confines of and "wholly unrelated" to the testimony received at the preliminary examination. [Emphasis in original and added.]

---

[2] Fouse does not argue this is a case where the trial court has failed to make findings or where the facts and reasonable inferences are undisputed such that even under *Funmaker* the reviewing court is permitted to undertake an *ab initio* review.

For several reasons, we think that Fouse sees too much in this language.

First, although the court did in this language indicate that a trial court may review the preliminary hearing record, it did not specifically indicate what standard of review the trial judge must use. Second, even if the above-emphasized sentence in the *Hooper* quote can be read to support Fouse's position, it has little precedential impact as it is *dicta*. At issue before the *Hooper* court was the appropriate trial court standard for reviewing *the charging decision of the prosecutor* after the preliminary hearing, not the proper trial court posture when the defendant challenges the sufficiency of the evidence to support the bindover. Third, in addition to the above-quoted passage, there is language in *Hooper* supporting the state's contention that *all* reviewing courts (including trial courts) must employ the appellate standard:

Following the preliminary hearing, *the presiding judge* is charged with the duty of weighing the evidence and determining whether it establishes probable cause to believe that a felony has been committed and that the defendant has probably committed it. [Emphasis in original.] Sec. 970.03. Thus, the decision as to whether a defendant should be bound over for trial to the circuit court is *exclusively within the realm of the presiding judge*. [Emphasis added.]

*Id.* at 533–34, 305 N.W.2d at 118–19.

Fourth, and most importantly, the state's position makes the most sense. We see no good reason why a second circuit court should be vested with the authority to determine *ab initio* a question already decided by a court of equivalent stature. To recognize such a step in the criminal process would foster unnecessary delay in the administration of justice. In addition, a trial court faced with a challenge to the bindover has before it not the

benefit of live testimony but, like the appellate tribunal, only a transcript of the preliminary proceedings. It follows that whatever reasons compel the requirement that an appellate court give deference to the original fact finder apply with equal force to reviewing trial courts as well. *Cf. State v. Williams,* 104 Wis. 2d 15, 21–22, 310 N.W.2d 601, 604–05 (1981).

Because Judge Costello was bound by the same standard of review as appellate courts, we owe his decision to dismiss the charges no deference.[3] Instead, we must review Judge Skow's finding of probable cause to determine "whether there was any substantial ground for the exercise of [his] judgment." *Funmaker,* 106 Wis. 2d at 629, 317 N.W.2d at 461. *See* footnote 2. His decision to set the matter for trial meets this test.

The preliminary hearing magistrate's function is to determine whether there is a reasonable probability to believe that a felony has been committed by the accused. *State ex rel. Cholka v. Johnson,* 96 Wis. 2d 704, 711, 292 N.W.2d 835, 839 (1980). In reaching his or her conclusion, the judge is to be guided by the practical and nontechnical probabilities of everyday life. *Id.* at 714, 292 N.W.2d at 841. In our view, the expectations of everyday experience permit the drawing of an inference of knowledge from the unexplained presence of several large stolen electronic devices in the residence of an accused. Indeed, similar inferences have been judicially sanctioned. *Cf. State v. Lund,* 99 Wis. 2d 152, 162, 298 N.W.2d 533, 538 (1980) ; *State v. Spraggin,* 71 Wis. 2d 604, 618, 239 N.W.2d 297, 308 (1976). We recognize that it is not the only inference that could have been derived from the evi-

---

[3] Our reading of Judge Costello's ruling leads us to believe he was using the appropriate standard. In effect, he was saying that, as a matter of law, the inference drawn by Judge Skow was not a permissible one. As will become apparent from the text of his opinion, it is with this conclusion that we disagree.

dence; however, it is not the function of the reviewing court to substitute its judgment for the reasonable conclusions of the committing magistrate.[4]

*By the Court.*—Order reversed.

[4] In addition to arguing that the record does not support the conclusion that he had knowledge the goods were stolen, Fouse contends there is nothing in the preliminary hearing testimony to show he had a "possessory interest" in the items. This contention was not focused on at the trial court level. This is not decisive, however, as the gravamen of a charge under sec. 943.34, Stats., is that the accused either received or *concealed* stolen property. The latter embraces those who render the discovery of the stolen items more difficult without their having been the thief or recipient of the property. *State v. Spraggin,* 71 Wis. 2d 604, 614, 239 N.W.2d 297, 305–06 (1976); Wis. J I—Criminal 1481. The record contains sufficient evidence for Judge Skow to have inferred there was a reasonable probability Fouse acted to conceal the devices.