STATE of Wisconsin, Plaintiff-Appellant,

v.

Ronald J. DUNN, Defendant-Respondent.†

Court of Appeals

*No. 83–1129–CR. Submitted on briefs January 4, 1984.—*
*Decided January 26, 1984.*
(Also reported in 345 N.W.2d 69.)

† Petition to review granted.

For the plaintiff-appellant the cause was submitted on the brief of *Hal Harlowe,* district attorney, and *David Dabroski,* assistant district attorney.

For the defendant-respondent the cause was submitted on the brief of *Jack E. Schairer,* assistant state public defender.

Before Gartzke, P.J., Dykman, J. and Gordon Myse, Reserve Judge.

DYKMAN, J.   The state appeals dismissal of a complaint against Ronald Dunn for violation of sec. 943.02 (1) (a), Stats., arson to a building.[1]   We conclude the trial court erred in finding no probable cause and reverse.

On February 27, 1983, Madison police arrested defendant for arson to a building.  Testimony at the preliminary hearing was as follows: Defendant told the arresting officer that he had thrown some lighted matches into his roommate's bedroom closet because he was angry with the roommate.  He then left the building.  The roommate's books and clothes, which had been on the closet floor, were burned as were the doorsill, closet walls, and bedroom ceiling and walls.  Neither the roommate nor the landlord had given Dunn permission to set fire to their property.

The trial court concluded that because defendant's intent had been to burn his roommate's property rather

[1] Section 943.02(1), Stats., provides in part:

Whoever does any of the following is guilty of a Class B felony:

(a) By means of fire, intentionally damages any building of another without his [or her] consent . . . .

than the building, evidence of the elements of sec. 943.02 (1) (a), Stats., was not sufficient to bind over defendant.[2] It considered whether the evidence supported a charge under sec. 943.03, arson to personal property, but found that no evidence as to the financial loss incurred had been produced.[3] Consequently, the trial court dismissed the complaint.

Where the facts are undisputed, we treat probable cause for a bindover determination as a question of law. *State v. Williams*, 104 Wis. 2d 15, 21–22, 310 N.W.2d 601, 605 (1981). The facts of this case are undisputed, but two reasonable alternative inferences arise: first, that defendant intended to set fire to the building, and second, that all defendant intended to burn was the personal property. Ordinarily, we review inferences deferentially because trial courts can view and listen to witnesses, while we cannot. In *Laabs v. Chicago Title Ins. Co.*, 72 Wis. 2d 503, 509, 241 N.W.2d 434, 437 (1976), the court said:[4]

---

[2] Elements of arson to a building, as defined by Wis. J I— Criminal 1404, are:

First, that the defendant damaged a building by means of fire;

Second, that the defendant did so intentionally;

Third, that the building belonged to another person;

Fourth, that the defendant damaged such building without the owner's consent;

Fifth, that the defendant knew that the building belonged to another person and knew that the other person did not consent to the damage of the property.

[3] Section 943.03, Stats., provides:

Whoever, by means of fire, intentionally damages any property (other than a building) of another without the person's consent, if the property is of the value of $100 or more, is guilty of a Class E felony.

[4] There may be a second standard of review of inferences. In *Estate of Beale*, 15 Wis. 2d 546, 557, 113 N.W.2d 380, 385 (1962), the court said:

"As the trial court's function is to determine the facts and to weigh them, *Will of Russell* (1950), 257 Wis. 510, 44 N.W.2d

This court has stated on many occasions that the weight of testimony and the credibility of witnesses are matters to be determined by the trial court, and that where more than one reasonable inference can be drawn from the credible evidence, the reviewing court must accept the one drawn by the trier of fact.

Here, however, we are reviewing a magistrate's bind-over decision. The magistrate must make this decision without considering the credibility of the witnesses. In *State v. Padilla,* 110 Wis. 2d 414, 423–24, 329 N.W.2d 263, 268 (Ct. App. 1982), we said:

At a preliminary examination, the trier of fact's only duty is to find that the story has a plausible basis. The trier of fact, therefore, is not engaged in determining the truthfulness of the state's case but merely whether, *if believed,* the story has a plausible basis in fact. Truthfulness goes to the weight of the evidence, not to admissibility, and is for the jury to determine at trial. [Citations omitted.]

The purpose of a preliminary hearing is to determine only whether the defendant probably committed a felony. Sec. 970.03(1), Stats. The magistrate must ignore credibility—the factor which supports our use of a deferential standard of review. The magistrate may not choose between conflicting facts or weigh the evidence. *State v. Marshall,* 92 Wis. 2d 101, 115, 284 N.W.2d 592, 598 (1979). The magistrate must determine only whether, under any plausible set of facts, the defendant probably committed a felony. This standard weights a preliminary

231, so, too, the inferences to be drawn from established facts are for the trier of the fact, in this case the trial court. Its findings in these respects should not be interfered with unless contrary to the great weight and clear preponderance of the evidence. . . ." *Estate of Miller* (1953), 265 Wis. 420, 424, 61 N.W.2d 813, [815–16].

hearing heavily in favor of the state, but is justified because the purpose of a preliminary hearing is to protect the accused from hasty, improvident, or malicious prosecution. *State v. Shears*, 68 Wis. 2d 217, 258, 229 N.W.2d 103, 124 (1975). The coarse sieve of a preliminary hearing will therefore terminate few prosecutions, provided that the district attorney prosecutes only those cases that he or she honestly believes can be won at trial.

With credibility determinations removed, the magistrate's function when drawing inferences from undisputed facts is quite narrow. The question is not which inference to draw, but whether either inference supports a conclusion that the defendant probably committed a felony. If *any* reasonable inference supports that conclusion, the magistrate must bind over the defendant.

We must examine the standard by which we review a magistrate's choice of inferences with these rules concerning preliminary hearings in mind. A magistrate errs when he or she chooses an inference resulting in release of a defendant when a reasonable alternative inference is available. We determine whether a reasonable inference supporting a bindover exists by examining the record. A deferential standard of review is neither necessary, desirable, nor amenable to the review of a magistrate's choice of inferences in a preliminary hearing. We conclude that we should review that choice *de novo*.

Because we have concluded that the scope of appellate review of a trial court's finding on probable cause for arrest cannot be safely analogized to review of a magistrate's finding as to probable cause following a preliminary examination, *State v. Drogsvold*, 104 Wis. 2d 247, 259, 311 N.W.2d 243, 249 (Ct. App. 1981), our statement regarding our standard of review of inferences made in *Drogsvold*, 104 Wis. 2d at 256, 311 N.W.2d at 247, is in-

applicable to this case. However, insofar as our statement in *State v. Fouse,* 114 Wis. 2d 29, 34–35, 337 N.W.2d 837, 840 (Ct. App. 1983), implies that we must accept a trial court's reasonable inferences which lead to a conclusion of no probable cause when other reasonable inferences lead to a conclusion of probable cause, that statement is overruled.[5]

The court in this case heard unrefuted testimony that defendant admitted throwing several matches into his roommate's bedroom closet. It concluded that that was not evidence of intent to burn the building. However, the building was burned. A person is presumed to intend the natural and probable consequences of acts voluntarily and knowingly performed. *State v. Gould,* 56 Wis. 2d 808, 813, 202 N.W.2d 903, 906 (1973).

In determining whether probable cause exists, the court is concerned with the practical and nontechnical probabilities of everyday life. *State v. Copening,* 103 Wis. 2d 564, 578, 309 N.W.2d 850, 857 (Ct. App. 1981). Practical probabilities of everyday life suggest that one can expect a closet to burn if one throws lighted matches into it. The inference that defendant probably intended the closet to burn is reasonable. The trial court was

[5] The supreme court was faced with a similar situation in *State v. Williams,* 104 Wis. 2d 15, 310 N.W.2d 601 (1981). In *Williams,* the question was whether the defendant knew the check he attempted to cash was forged. The trial court denied a bindover at the preliminary hearing. The supreme court said that the facts were undisputed, thus permitting it to examine the record *ab initio.* It concluded that the only reasonable inference was that the defendant probably committed a felony. *Id.* at 25, 310 N.W.2d at 606. Though *Williams* suggests the view we take as to the bindover standard of review, only one reasonable inference could have been drawn in that case. For that reason we cannot rely wholly upon *Williams* for our conclusion.

therefore required to accept that inference. Because it did not, we reverse.

*By the Court.*—Order reversed and cause remanded for proceedings consistent with this opinion.

GARTZKE, P.J. (dissenting). I disagree with the majority's analysis and result. I would affirm.

Probable cause is a question of mixed fact and law. *State v. Drogsvold,* 104 Wis. 2d 247, 261–62 n. 6, 311 N.W.2d 243, 250 (Ct. App. 1981). The trial court concluded that probable cause had not been established because it could not find that defendant probably intended to burn the building, the felony charged, rather than the contents of the closet, an uncharged felony.[1] Secs. 943.-02(1)(a) and 943.03, Stats.

If the historical facts are undisputed, the existence of probable cause is a question of law which an appellate court may independently determine. *Drogsvold,* 104 Wis. 2d at 262, 311 N.W.2d at 250. Historical facts differ from factual inferences. An historical fact is an observable event or condition. An inferred fact cannot be observed but is believed to be an event or condition which exists as a consequence of other established facts.

Sometimes only one factual inference can be reasonably drawn from the established facts. If that is true, drawing the factual inference is a matter of law. *Drogsvold,* 104 Wis. 2d at 256, 311 N.W.2d at 247. Under those circumstances, if all other relevant facts are undisputed, the existence of probable cause is a question of law.

If, however, multiple reasonable factual inferences can be drawn from the historical facts, an appellate court must accept the inference chosen by the trial court. *Drogsvold,* 104 Wis. 2d at 256, 311 N.W.2d at 247. The

---

[1] The judge held that the state also failed to establish probable cause as to felony arson to property under sec. 943.03, Stats., because no evidence of the value of the property was introduced.

appellate court must then decide whether probable cause exists on the basis of the inferred fact and the historical facts.

The judge conducting the preliminary examination had to decide whether probable cause existed as to one element of the charged felony: "intentionally" damaging a building. Sec. 943.02 (1) (a), Stats. The existence of the building and the damage to it are observable historical facts and are undisputed, but the defendant's intent can never be observed. Intent or state of mind must be inferred from other facts.

Whether defendant probably intended to burn the building or only the property in the closet is a choice between factual inferences as to which reasonable persons can disagree. The judge inferred the defendant's intent was to burn his roommate's personal property. Under these circumstances we must accept the inference chosen by the judge, whether or not we would have chosen the other inference. Applying the factual inference chosen by the judge, probable cause does not exist as to the charged felony.

The majority, however, would compel the magistrate faced with various possible inferences to apply a mandatory presumption rather than choosing among the inferences. The majority would not allow the magistrate to decide which factual inference is most likely true and whether the defendant probably committed a felony on the basis of that inference and other facts. If any of the possible inferences supports a finding that the defendant probably committed the felony the majority would require the magistrate immediately to draw the legal conclusion of probable cause without choosing between various factual inferences.

The majority's approach is the antithesis, in my view, of the purpose behind sec. 970.03 (1), Stats.: to determine "*if* there is probable cause to believe a felony has been

committed by the defendant." (Emphasis added.) The imposition of mandatory presumptions on the fact-finder has been voided since *Sandstrom v. Montana,* 442 U.S. 510 (1979).

In *State v. Fouse,* 114 Wis. 2d 29, 337 N.W.2d 837 (Ct. App. 1983), we sustained a magistrate's conclusion that probable cause had been established. We recognized that the magistrate's function is to determine whether there is a reasonable probability that a felony has been committed by the accused. We held that where the magistrate drew one factual inference regarding an element of the crime based on the defendant's mental state, and that inference was not the only inference which could have been drawn, "it is not the function of the reviewing court to substitute its judgment for the reasonable conclusions of the committing magistrate." *Fouse,* 114 Wis. 2d at 34–35, 337 N.W.2d at 840. *Fouse* was correctly decided. We should apply it here.